AMOS M. CAPEN *vs.* AUGUSTUS C. CROWELL.

*Evidence; declarations of witness, when inadmissible to corroborate him.*

The question at issue was whether or not one of a series of notes had been altered by an addition to the interest clause, fixing the rate at two and a half per cent. a month after maturity. To refute the defendant's testimony that it had been thus altered, Capen notified the defendant to produce all the notes of the series which had been paid, two of which were not produced because (as the defendant said) they were lost; but one note, containing this penalty clause, was produced by the defence and another which did not contain it; this last the plaintiff contended had obviously been altered by erasure; and proved that it was surrendered to Crowell by a bank cashier, in exchange for the note produced upon notice, which did contain the clause, and which was paid (according to its tenor) at maturity; the plaintiff then offered his letter to the cashier, directing him to see that this penalty was inserted in the new note to be taken (i. e., the one in which the alleged erasure was) as it was in the one for which it was exchanged (i. e., one of those not produced), and the court received the letter against the defendant's objection: *Held,* that it was improperly admitted.

ON EXCEPTIONS.

ASSUMPSIT upon a note dated June 14, 1870, for $557.58, payable at the Ticonic National Bank of Waterville, in four months from date. The defence was that it had been altered by adding a penalty clause, for the payment of interest at the rate of two and a half per cent a month after maturity. The facts relative to the series of notes, of which this was one, partially appear in the opinion, and in the similar case of *Pulsifer* v. *Crowell*, ante, page 22.

There were five of these notes originally; one for $390, on thirty days; one for the same amount on sixty days; one for $555.05, on three months; the one in suit, and one for $1400 in two years. The first (on thirty days) was paid in stockings before it became due; the one on sixty days, which was payable in stockings, was surrendered by the cashier of the Ticonic National Bank, where they were all left, upon receiving in exchange therefor a cash note upon three months, agreeably to the proposition made

by Crowell to Capen and the latter's directions to the cashier, as contained in their letters which will be found on pages 22 and 23 of this volume. This cash note was paid September 17, 1870, when it became due, and also the $7.20 express charges mentioned in Mr. Capen's letter to the cashier. Suit was commenced upon the third note—for $555.05—December 18, 1870, and it was paid, with the penalty interest computed, by his counsel and his daughter March 4, 1871. Notice was given Mr. Crowell to produce all notes bearing date June 14, 1870, which he had given to Mr. Capen and had taken up, and the one he had received from the cashier when the exchange was effected. Neither the sixty days' note, surrendered to him by the cashier, nor the three months, cash note given in lieu of it were produced; the defendant saying they could not be found. The three months' note which was sued December 18, 1870, and paid March 4, 1871, as aforesaid, containing the penalty clause, was produced; and the thirty days' note, paid in stockings, was also produced. This last-mentioned note did not have in it that clause; but the plaintiff claimed that it was obvious, upon inspection, that it had been seriously mutilated, and argued that these words in dispute had been erased. The plaintiff then offered the two letters before mentioned, and found on pages 22 and 23, ante; they were both received, against the defendant's objection, and he excepted thereto. The cashier had no recollection of the circumstances, but had no doubt he followed his usual custom of obeying instructions.

*Edmund F. Webb*, for the defendant.

The letter to the cashier was a narrative of past occurrences, given by the plaintiff to a third person. 1 Greenl. on Ev., § 110; *Burnham* v. *Ellis*, 39 Maine, 319. It was no part of any *res gestæ* between these parties. *Wilson* v. *Sherlock*, 36 Maine, 295; *Chapin* v. *Marlboro*, 9 Gray, 244; *Emerson* v. *Lowell*, 6 Allen, 146; *Fearing* v. *Kimball*, 4 Allen, 125; *Commonwealth* v. *Cooper*, 5 Allen, 195; *Commonwealth* v. *Edgerly*, 10 Allen, 187.

The letter did not relate to the note in suit; and was addressed

to the plaintiff's agent, who merely supposes he followed his usual custom.

*Solyman Heath,* for the plaintiff.

These notes were all one business transaction; so that whatever relates to the making and tenor of one or more of them is part of the *res gestæ* as to the others. The letter was written in reply to the one from Crowell to Capen, and referred to a transaction to which both of them and the cashier were all parties.

VIRGIN, J. On June 14, 1870, the defendant (residing in Waterville, Me.,) gave to the plaintiff (residing in New York) two notes on thirty and sixty days respectively, payable in socks, and three promissory notes on three, four and twenty-four months respectively.

On July 5, 1870, the defendant sent to the plaintiff by express, socks sufficient to pay the thirty day note, and proposed by letter to the plaintiff to substitute a three months promissory note for the sixty day note. On July 8, 1870, the plaintiff inclosed the defendant's letter, together with the thirty day note and the sixty day note, in a letter written by himself to the cashier of a bank in Waterville, with instructions to surrender the thirty day note on the defendant's paying the expressage on the socks, and to exchange the sixty day note as proposed; all of which was done; and the defendant paid the substitute (three months' note) at its maturity.

The original three months note was sued, but subsequently paid, according to its terms, by the defendant's attorney.

The present action is on the four months promissory note. At the *nisi prius* term, the defendant seasonably made affidavit, under the rule, that the note in suit had been materially altered since it was executed, without his consent, by adding the clause, "with interest at rate of two and one-half per cent. each month, after due, until paid." The defendant was seasonably notified to produce at the trial the four notes taken up; but he produced neither the sixty day note nor its substitute, alleging that they were lost. The

plaintiff contended that the thirty day note produced showed on inspection that it had been mutilated. The original three months note sued, and paid by the defendant's attorney, produced, contained the same interest clause as the note in suit.

The defendant testified that none of the notes contained the interest clause when he signed them; and that he did not know that the one paid by his attorney did until some time after it had been paid.

On the other hand, the plaintiff testified that the clause was in each of the original notes when they were signed by the defendant, and put in the latter's letter proposing the exchange and before alluded to.

The cashier, called by the plaintiff, testified substantially; that he received the plaintiff's letter with the notes and defendant's letter inclosed; that he entered the notes on his books; that he had no recollection or knowledge of the transaction except such as he inferred from his books; that he always followed the instructions of his correspondents; that his books show a note given for one received, and that it was paid at maturity; and that he could not testify that it contained the interest clause.

The plaintiff thereupon offered in evidence his letter of July 8, 1870, to the cashier, which instructed the cashier among other things to "insert in note you take, the $2\frac{1}{2}$ per cent. penalty clause, which you will observe in the others." The letter was admitted against the objections of the defendant—and the question is—was it admissible. We are of the opinion that the ruling was erroneous.

The letter made no reference to the note in suit.

So far as it referred to the first two original notes, it simply intimated that they contained such a clause by calling the attention of the cashier to them.

Neither can it be admitted as an answer to the defendant's letter of July 5, 1870, for it was not written to, nor seen by, the defendant; and if it had been, the matter therein contained in relation to the interest clause, was not in reply to anything written by the defendant.

Whether the note contained the interest clause or not was a fact susceptible of direct proof. It was not a fact which the directions in the letter could explain or illustrate. The writing of the note was independent and subsequent to the directions contained in the letter and was not necessarily governed or controlled by them. *Nutting* v. *Page,* 4 Gray, 584.

*Exceptions sustained.*

APPLETON, C. J., DICKERSON, BARROWS and DANFORTH, JJ., concurred.